IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00773-BNB

MARC PIERRE HALL,

    Applicant,

v.

WARDEN C. DANIELS,

    Respondent.

---

ORDER TO SHOW CAUSE

---

    Applicant, Marc Pierre Hall, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Hall has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 13) challenging the validity of his conviction.

    The court must construe the amended application liberally because Mr. Hall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hall will be ordered to show cause why the application should not be denied.

    Mr. Hall was convicted of various offenses following a jury trial in the Western District of North Carolina, including one count of damaging property used in interstate commerce or in any activity affecting interstate commerce by means of fire or an explosive device in violation of 18 U.S.C. § 844(i). *See United States v. Hall*, No. 96-

4365, 1997 WL 712885 (4th Cir. Nov. 17, 1997).  The factual basis for the § 844(i) count involved the firebombing of a private residence.  *See id.* at *1.  The judgment of conviction was affirmed on direct appeal.  *See id.*  Mr. Hall subsequently challenged his convictions in the sentencing court and in the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2255 and in a number of habeas corpus actions in various courts pursuant to 28 U.S.C. § 2241.  *See Hall v. Williamson*, No. 07-2533, 2007 WL 2900557 (3rd Cir. Oct. 4, 2007) (per curiam) (affirming dismissal of § 2241 action and recounting Mr. Hall's history of challenges to his convictions).

Mr. Hall asserts two claims for relief in the instant action challenging the validity of his conviction under § 844(i).  He contends in both claims that, in light of the decision of the United States Supreme Court in *Jones v. United States*, 529 U.S. 848 (2000), he was convicted of a nonexistent federal offense.  In *Jones*, the Supreme Court held that an owner-occupied private residence not used for any commercial purpose does not qualify as property "used in" commerce or commerce-affecting activity and that, as a result, arson of such a dwelling is not subject to federal prosecution under § 844(i).  *See Jones*, 529 U.S. at 850-51.

Mr. Hall has raised the same claims under *Jones*, or substantially similar claims, in at least three prior habeas corpus actions pursuant to § 2241.  *See Hall v. Bledsoe*, No. 06-257-GPM, 2006 WL 2631985 (S.D. Ill. Sept. 13, 2006); *Hall v. Williamson*, No. 4:CV-06-2456, 2007 WL 1455875 (M.D. Pa. May 15, 2007), *aff'd*, No. 07-2533, 2007 WL 2900557 (3rd Cir. Oct. 4, 2007); *Hall v. Norwood*, No. CV 08-5741-AG (RNB), 2008 WL 4346678 (C.D. Cal. Sept. 17, 2008).  The Southern District of Illinois denied relief because "Petitioner's argument that he was convicted of a nonexistent crime is clearly

without merit, and it cannot provide him a basis for relief under Section 2241." *Hall v. Bledsoe*, 2006 WL 2631985 at *3. Mr. Hall did not appeal. The Middle District of Pennsylvania denied relief with respect to Mr. Hall's *Jones* claim because the claim was a successive claim barred by 28 U.S.C. § 2244(a). *See Hall v. Williamson*, 2007 WL 1455875 at *3. In particular, the Middle District of Pennsylvania noted that the *Jones* claim had been raised in the Southern District of Illinois. *See id.* The Central District of California denied relief because "petitioner has not established that the Petition is a legitimate § 2241 petition brought pursuant to the escape hatch of § 2255." *Hall v. Norwood*, 2008 WL 4346678 at *3. The Central District of California also noted that Mr. Hall had filed a prior § 2241 petition in that court raising the same or similar claims that had been denied for lack of jurisdiction because § 2255 was not an inadequate or ineffective remedy and, even if the *Jones* claim could be raised pursuant to § 2241, the petition was a second or successive petition barred by 28 U.S.C. § 2244(a). *See id.* at *1. Mr. Hall did not appeal.

    Mr. Hall does not dispute the fact that he has raised the same or substantially similar claims in these prior habeas corpus actions. Instead, he argues in a document titled "Affidavit and Motion for the Court to Take Judicial Notice of Falsified Records of Adjudicated Facts F.R.E. 201" (ECF No. 5) that his claims under *Jones* improperly were rejected in the prior actions. To the extent Mr. Hall asks the Court to take judicial notice that his prior cases were wrongly decided, the motion will be denied.

    Pursuant to 28 U.S.C. § 2244(a), the court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of

habeas corpus, except as provided in section 2255." This statutory bar applies to both successive claims that actually were raised in the prior petition as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Although the court may raise the statutory bar *sua sponte*, Mr. Hall must be given notice and an opportunity to respond. *See id.* at 1271. Therefore, Mr. Hall will be ordered to show cause why the instant action should not be dismissed as either successive because the application includes only claims that already have been adjudicated in prior habeas corpus proceedings, or abusive because the application contains claims that could have been raised in the prior habeas corpus proceedings but were not. As part of his response, Mr. Hall must clarify whether the specific claims he is raising in this action actually were raised in the prior habeas corpus actions discussed above.

In addition, assuming Mr. Hall is able to demonstrate good cause for why this action should not be dismissed as successive or abusive, he also must show cause why his claims challenging the validity of his conviction should not be dismissed because he has an adequate and effective remedy available to him pursuant to 28 U.S.C. § 2255. The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672,

673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Hall bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Hall's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.* Accordingly, it is

ORDERED that Mr. Hall show cause in writing **within thirty (30) days from the date of this order** why the habeas corpus application should not be denied for the reasons stated in this order. It is

FURTHER ORDERED that if Mr. Hall fails to show cause within the time allowed, the application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Affidavit and Motion for the Court to Take

Judicial Notice of Falsified Records of Adjudicated Facts F.R.E. 201" (ECF No. 5) is DENIED.

DATED April 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge