IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00773-BNB

MARC PIERRE HALL,

    Applicant,

v.

WARDEN C. DANIELS,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Marc Pierre Hall, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Hall has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 13) challenging the validity of one of his convictions in a criminal case in the United States District Court for the Western District of North Carolina. On April 22, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Hall to show cause why the application should not be denied. In particular, Mr. Hall was directed to show cause why the instant action should not be dismissed as either successive because the application includes only claims that already have been adjudicated in prior habeas corpus proceedings, or abusive because the application contains claims that could have been raised in the prior habeas corpus proceedings but were not. Mr. Hall also was ordered to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant

to 28 U.S.C. § 2255. On May 6, 2013, Mr. Hall filed his response to the show cause order. (*See* ECF No. 18.)

The Court must construe the application and other papers filed by Mr. Hall liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Hall was convicted of various offenses following a jury trial in the Western District of North Carolina, including one count of damaging property used in interstate commerce or in any activity affecting interstate commerce by means of fire or an explosive device in violation of 18 U.S.C. § 844(i). *See United States v. Hall*, No. 96-4365, 1997 WL 712885 (4th Cir. Nov. 17, 1997). The factual basis for the § 844(i) count involved the firebombing of a private residence. *See id.* at *1. The judgment of conviction was affirmed on direct appeal. *See id.* Mr. Hall subsequently challenged his convictions in the sentencing court and in the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2255 and in a number of habeas corpus actions in various courts pursuant to 28 U.S.C. § 2241. *See Hall v. Williamson*, No. 07-2533, 2007 WL 2900557 (3rd Cir. Oct. 4, 2007) (per curiam) (affirming dismissal of § 2241 action and recounting Mr. Hall's history of challenges to his convictions).

Mr. Hall asserts two claims for relief in the application challenging the validity of his conviction under § 844(i). He contends in both claims that, in light of the decision of the United States Supreme Court in *Jones v. United States*, 529 U.S. 848 (2000), he was convicted of a nonexistent federal offense. In *Jones*, the Supreme Court held that

an owner-occupied private residence not used for any commercial purpose does not qualify as property "used in" commerce or commerce-affecting activity and that, as a result, arson of such a dwelling is not subject to federal prosecution under § 844(i).  *See Jones*, 529 U.S. at 850-51.

Mr. Hall does not dispute the fact that he has raised claims under *Jones* in at least three prior habeas corpus actions pursuant to § 2241.  *See Hall v. Bledsoe*, No. 06-257-GPM, 2006 WL 2631985 (S.D. Ill. Sept. 13, 2006), *appeals dismissed*, Nos. 06-3709 & 06-3710 (7th Cir. Nov. 15 & 30, 2006); *Hall v. Williamson*, No. 4:CV-06-2456, 2007 WL 1455875 (M.D. Pa. May 15, 2007), *aff'd*, No. 07-2533, 2007 WL 2900557 (3rd Cir. Oct. 4, 2007); *Hall v. Norwood*, No. CV 08-5741-AG (RNB), 2008 WL 4346678 (C.D. Cal. Sept. 17, 2008).  The Southern District of Illinois denied relief because "Petitioner's argument that he was convicted of a nonexistent crime is clearly without merit, and it cannot provide him a basis for relief under Section 2241."  *Hall v. Bledsoe*, 2006 WL 2631985 at *3.  The Middle District of Pennsylvania denied relief with respect to Mr. Hall's *Jones* claim because the claim was a successive claim barred by 28 U.S.C. § 2244(a).  *See Hall v. Williamson*, 2007 WL 1455875 at *3.  In particular, the Middle District of Pennsylvania noted that the *Jones* claim had been raised in the Southern District of Illinois.  *See id.*  The Central District of California denied relief because "petitioner has not established that the Petition is a legitimate § 2241 petition brought pursuant to the escape hatch of § 2255."  *Hall v. Norwood*, 2008 WL 4346678 at *3. The Central District of California also noted that Mr. Hall had filed a prior § 2241 petition in that court raising the same or similar claims that had been denied for lack of jurisdiction because § 2255 was not an inadequate or ineffective remedy and, even if

3

the *Jones* claim could be raised pursuant to § 2241, the petition was a second or successive petition barred by 28 U.S.C. § 2244(a).  *See id.* at *1.

The Court first will address whether Mr. Hall may challenge the validity of his conviction in a habeas corpus action pursuant to § 2241.  The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Hall does not dispute, that his claims in this action challenge the validity of his conviction in the Western District of North Carolina for violating 18 U.S.C. § 844(i).  Therefore, the Court finds that Mr. Hall's claims must be raised in the Western District of North Carolina in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Hall bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective.  *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).  This burden is not satisfied easily because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence

imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Hall's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Hall argues in his response to Magistrate Judge Boland's show cause order that the remedy available pursuant to § 2255 is inadequate or ineffective because the sentencing court did not consider his *Jones* claim, which he contends he raised in supplemental pleadings in connection with his original § 2255 motion. According to the docketing records pertinent to Mr. Hall's initial § 2255 motion, which are available on PACER and which the Court has reviewed, Mr. Hall was permitted to amend his initial § 2255 motion prior to the date on which the government filed its response but multiple motions to further supplement the § 2255 motion after the government responded, including a supplement to raise a *Jones* claim, were denied.

Mr. Hall fails to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 is inadequate or ineffective. First, Mr. Hall fails to demonstrate that he could not have raised his *Jones* claim, or a *Jones*-type claim, in his initial § 2255 motion. *See Prost*, 636 F.3d at 585 ("[T]he savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim."). The fact that Mr. Hall was denied leave to supplement his original § 2255 motion to raise a *Jones* claim, after he already had been granted leave to supplement his original § 2255 motion, does not

demonstrate that the remedy available pursuant to § 2255 was inadequate or ineffective because there is no indication that the sentencing court would not have addressed a *Jones*-type claim had it been raised at the proper time.

The fact that *Jones* had not been decided at the time Mr. Hall filed his initial § 2255 motion also does not demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective or that his claims in this action could not have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 589 (concluding that the failure to raise a *Santos*-type argument prior to the Supreme Court's novel statutory interpretation in *United States v. Santos*, 553 U.S. 507 (2008), does not demonstrate the remedy available pursuant to § 2255 is inadequate or ineffective).

Finally, Mr. Hall's reliance on precedent from circuit courts other than the Tenth Circuit that interpret § 2255(e) is misplaced because the Court is bound by the Tenth Circuit's decision in *Prost*. Under *Prost*, the Court finds that Mr. Hall has failed to satisfy his burden of demonstrating that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective. As a result, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013).

In addition, even assuming the Court had statutory jurisdiction to consider Mr. Hall's claims pursuant to § 2241, the Court also finds that the claims are barred as successive. Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies to

both successive claims that actually were raised in the prior petition as well as abusive claims that could have been raised in the prior petition but were not.  *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010).  Although the Court may raise the statutory bar *sua sponte*, Mr. Hall must be given notice and an opportunity to respond.  *See id.* at 1271.

Mr. Hall has been given an opportunity to address whether his claims in this action are successive or abusive claims barred by § 2244(a).  Mr. Hall specifically argues that his *Jones* claims in this action are not successive because, although he has raised the claims in prior proceedings, the claims have not actually been adjudicated in any prior proceeding.  Because Mr. Hall concedes that his *Jones* claims have been raised in prior proceedings, the Court need not address the excusable neglect standard applicable to abusive claims.  *See Stanko*, 617 F.3d at 1271.

With respect to successive claims, § 2244(a) codifies the longstanding doctrine that "authorized a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *Stanko*, 617 F.3d at 1269 (footnote omitted).  The ends-of-justice exception allows "relief only when there is 'a colorable showing of factual innocence.'" *Hill v. Daniels*, No. 12-1162, 2012 WL 5992177 at *4 (10th Cir. Dec. 3, 2012) (quoting *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)).

Mr. Hall's argument that his *Jones* claims are not successive lacks merit.  First, it is apparent that the claims Mr. Hall seeks to raise in this action previously were raised in at least three prior habeas corpus proceedings as discussed above.  Second, although

7

Mr. Hall disagrees with the results in his prior habeas corpus actions, it also is apparent that the claims Mr. Hall raised in his prior habeas corpus actions were adjudicated on the merits. See *Hill*, 2012 WL 5992177 at *4 (finding that prior decisions dismissing habeas corpus claims for failure to comply with procedural requirements of § 2255(h), § 2255(f), or § 2255(e) constitute adjudications on the merits).

Mr. Hall finally argues that the Court should consider the merits of his *Jones* claims in this action because hearing the claims would serve the ends of justice. As noted above, the ends-of-justice exception allows "relief only when there is 'a colorable showing of factual innocence.'" *Hill*, 2012 WL 5992177 at *4. In the instant action, the Court is not persuaded that Mr. Hall has made a colorable showing of factual innocence.

In summary, the instant action will be dismissed for lack of statutory jurisdiction because Mr. Hall may not pursue his claims challenging the validity of his conviction and sentence in the District of Colorado in a habeas corpus action pursuant to § 2241. In addition, the claims are barred as successive pursuant to 28 U.S.C. § 2244(a). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   27th   day of    June         , 2013.

BY THE COURT:

　　　　　　　　　　　　　　　　　s/Lewis T. Babcock
　　　　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　　　　United States District Court